# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MORA, | CASE NO. 1:08-cv-01054-GSA PC |
| Plaintiff, | SCREENING ORDER (1) FINDING AMENDED COMPLAINT STATES CLAIMS AGAINST DEFENDANTS SALAHUDDIN AND EDWARDS, (2) DISMISSING DECLARATORY RELIEF AND OFFICIAL CAPACITY CLAIMS, AND (3) DISMISSING OTHER NAMED DEFENDANTS FOR FAILURE TO STATE A CLAIM |
| v. | |
| S. SALAHUDDIN, et al., | |
| Defendants. | |
| | (Doc. 7) |
| _____/ | |

### Screening Order

**I.    Screening Requirement**

Plaintiff Ramon Mora, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law on July 23, 2008.  On February 23, 2009, the Court dismissed Plaintiff's complaint for failure to state any claims under section 1983.  Plaintiff filed an amended complaint on March 26, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.  **Plaintiff's Claims**

Plaintiff, who is housed at Pleasant Valley State Prison in Coalinga, California, brings this action for denial of proper medical care, in violation of the Eighth Amendment of the United States Constitution.  In addition, Plaintiff alleges a claim for negligence under California law.

### A.  **Defendants Salahuddin and Edwards**

Plaintiff alleges that on or around August 6, 2007, he was seen by Defendant Salahuddin, a dentist, for the extraction of his infected wisdom tooth.  Plaintiff alleges that Defendant Salahuddin used very little novacaine and caused Plaintiff serious pain during the procedure.  Further, Defendant Salahuddin failed to clear up the infection prior to surgery and failed to prescribe antibiotics following surgery, resulting in the spread of infection.

The day after surgery, Plaintiff's face was red and swollen.  The condition continued to worsen and the swelling hardened, became enlarged, and spread to Plaintiff's neck.  By August 8, 2007, Plaintiff could barely swallow or speak.

Plaintiff was seen by Defendant Edwards, another dentist, who was shocked at the swelling and prescribed antibiotics.  Defendant Edwards said he would check on Plaintiff, but did not see Plaintiff again until August 10, 2007, at which time Plaintiff's face was a "red blur of pain," his throat was swelling shut, and he could not "breathe, eat, drink, talk or sleep."  (Doc. 7, Amend. Comp., p. 4.)  When Plaintiff was seen by Defendant Edwards, he could not speak and had to write

2

down his symptoms. Plaintiff was taken to an outside hospital approximately four hours later, where he was told he needed emergency surgery or his throat could swell shut and kill him. Plaintiff was hospitalized for ten days following surgery.[1]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Plaintiff's allegations are sufficient to support a claim for relief against Defendants Salahuddin and Edwards for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a). Plaintiff's allegations therefore also support a claim for negligence under state law.

**B.   Defendants Doehring, Ragan, O'Brien, Hernon, Igbinosa, Alvarez, Hansen, Shannon, Yates, and Cate**

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability" is a misnomer. Iqbal at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff

///

---

[1] In his original complaint, Plaintiff alleges he was admitted to the hospital for Ludwig's angina, a serious, potentially life threatening infection of the mouth tissue.

must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

Plaintiff's conclusory allegations that Defendants Doehring, Ragan, and O'Brien were made aware of his serious medical condition and failed to take positive steps to alleviate his pain and suffering are insufficient to support a claim that they violated the Eighth Amendment or were negligent under state law. Further, Plaintiff's amended complaint sets forth no facts linking Defendants Hernon, Igbinosa, Alvarez, Hansen, Shannon, Yates, and Cate to any acts or omissions that violated Plaintiff's rights. The mere possibility of misconduct is insufficient to state a claim. Id. at 1950. Because Plaintiff's amended complaint does not set forth facts sufficient to support plausible claims for relief against Defendants Doehring, Ragan, O'Brien, Hernon, Igbinosa, Alvarez, Hansen, Shannon, Yates, and Cate, they are entitled to dismissal from this action. Id. at 1949-50.

## C.    **Declaratory Relief**

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants Salahuddin and Edwards violated Plaintiff's rights is unnecessary, and this action shall proceed as one for money damages only.

## D.    **Official Capacity Claims**

Plaintiff alleges claims against Defendants Salahuddin and Edwards in their individual and official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Because this action properly proceeds as one for money damages only, Plaintiff's official capacity claims shall be dismissed.

### III.    Conclusion and Order

Plaintiff's amended complaint states claims against Defendants Salahuddin and Edwards for violation of the Eighth Amendment and negligence.  However, Plaintiff allegations do not support claims against Defendants Doehring, Ragan, O'Brien, Hernon, Igbinosa, Alvarez, Hansen, Shannon, Yates, and Cate.  Plaintiff was previously notified of the deficiencies in his claims and provided with the opportunity to amend, but was unable to cure the deficiencies.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, it is HEREBY ORDERED that:

1.  This action for damages shall proceed on Plaintiff's amended complaint, filed March 26, 2009, against Defendants Salahuddin and Edwards for violation of the Eighth Amendment and negligence;

2.   Plaintiff's declaratory relief claim is dismissed for failure to state a claim;

3.  Plaintiff's official capacity claims against Defendants Salahuddin and Edwards are dismissed for failure to state a claim; and

4.  Defendants Doehring, Ragan, O'Brien, Hernon, Igbinosa, Alvarez, Hansen, Shannon, Yates, and Cate are dismissed from this action based on Plaintiff's failure to state any claims against them.

IT IS SO ORDERED.

Dated:   **August 4, 2009**               **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE