1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6               EASTERN DISTRICT OF CALIFORNIA
7
8   RAMON MORA,                          1:08-cv-01054-AWI-GSA-PC
9               Plaintiff,               FINDINGS AND RECOMMENDATIONS,
                                         RECOMMENDING THAT DEFENDANTS'
10  v.                                   MOTIONS TO DISMISS FOR FAILURE TO
                                         EXHAUST BE GRANTED
11  S. SALAHUDDIN, et al.,               (Docs. 27, 28, 38.)
12                                       OBJECTIONS, IF ANY, DUE IN THIRTY
                Defendants.              DAYS
13
14  _____/

15  **I.      BACKGROUND**

16          Ramon Mora ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this

17  civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

18  action on July 23, 2008.  (Doc. 1.)  This action now proceeds on the Amended Complaint filed by

19  Plaintiff on March 26, 2009, against defendants S. Salahuddin and C. Edwards ("Defendants") for

20  inadequate medical treatment in violation of the Eighth Amendment, and negligence under state

21  law.[1]  (Doc. 7.)

22          On September 15, 2010, defendant Salahuddin filed a motion for judgment on the pleadings,

23  on the ground that Plaintiff failed to comply with the California Tort Claims Act ("CTCA").[2]  (Doc.

24  _____

25          [1]All other claims and defendants were dismissed from this action by the Court on August 5, 2009, based on
    Plaintiff's failure to state a claim.  (Doc. 9.)
26

27          [2]The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007),
    California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government
28  Claims Act.  However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the
    Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

27.)  On September 24, 2010, defendant Salahuddin filed a motion to dismiss for failure to exhaust administrative remedies.  (Doc. 28.)  On March 16, 2011, defendant Edwards filed a motion for judgment on the pleadings, on the ground that Plaintiff failed to comply with the CTCA, and a motion to dismiss for failure to exhaust administrative remedies. (Doc 38.)  On August 1, 2011, Plaintiff filed oppositions to the motions.[3]  (Docs. 50, 51.)  On August 5, 2011, Defendants filed a reply.  (Doc. 52.)  Defendants' motions to dismiss and motions for judgment on the pleadings are now before the Court.

## II.    PLAINTIFF'S ALLEGATIONS AND CLAIMS[4]

Plaintiff was a state prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga, California, when the events at issue allegedly occurred.  Defendants S. Salahuddin and C. Edwards were dentists employed at PVSP.  Plaintiff alleges as follows in the Amended Complaint.

On or about August 6, 2007, Plaintiff was seen by defendant Salahuddin, a dentist, for the extraction of his infected wisdom tooth.  Defendant Salahuddin used very little novocaine and caused Plaintiff serious pain during the procedure.  Further, defendant Salahuddin failed to clear up the infection prior to surgery and failed to prescribe antibiotics following surgery, resulting in the spread of infection.  The day after surgery, Plaintiff's face was red and swollen.  The condition continued to worsen and the swelling hardened, became enlarged, and spread to Plaintiff's neck.  By August 8, 2007, Plaintiff could barely swallow or speak.

On or about August 9, 2007, Plaintiff was seen by defendant Edwards, another dentist, who was shocked at the swelling and prescribed antibiotics.  Defendant Edwards said he would check on Plaintiff, but did not see Plaintiff again until August 10, 2007, at which time Plaintiff's face was a "red blur of pain," his throat was swelling shut, and he could not "breathe, eat, drink, talk or sleep." (Doc. 7, Amend. Comp., p. 4.)  When Plaintiff was seen by defendant Edwards, he could not speak and had to write down his symptoms.  Plaintiff was taken to an outside hospital approximately four

---

[3]Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on March 16, 2010.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).  (Doc. 19.)

[4]This summary contains Plaintiff's allegations and claims in the Amended Complaint against defendants Salahuddin and Edwards only, upon which this case now proceeds, along with background information.

hours later, where he was told he needed emergency surgery or his throat could swell shut and kill him.  Plaintiff was hospitalized for ten days following surgery.

Now, Plaintiff has constant earaches and cannot open his mouth all the way.  Also, Plaintiff's jaw now makes noises and there are two enormous scars on his neck where tubes had to be placed.

## III.   MOTION TO DISMISS FOR FAILURE TO EXHAUST

Defendants seek to dismiss this action on the ground that Plaintiff failed to exhaust his administrative remedies before filing suit.

### A.   Exhaustion of Remedies Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

3

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2007). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

To exhaust remedies, an inmate must not only submit the appeal to all levels of the appeals process, but the inmate must "submit the appeal within 15 working days of the event or decision being appealed," and must obtain a "decision . . . [at] the director's level . . . [to] conclude the inmate's . . . administrative remedy." Cal. Code Regs., tit. 15 §§ 3084.1(a), 3084.6(c) (West 2007). An appeal may be properly rejected, without a decision being made, if the "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." Id. at § 3084.3(c)(6).

**B.    Defendants' Position**

Defendants argue that this action should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit, as required by the PLRA. Defendants provide evidence that Plaintiff submitted an inmate appeal with tracking number PVSP-08-00637, regarding the medical treatment he allegedly received from Defendants and raising the same issues in the appeal that Plaintiff alleges in his Amended Complaint. (Declaration of J. A. Morgan ("Morgan Decl."), Doc. 28-2 ¶3; Exh. A, Doc. 28-3 at 2.) The appeal was eventually screened out at the Director's Level of review, due to Plaintiff's failure to comply with the department's deadlines for submitting appeals. (Morgan Decl. ¶3, Exh. A at 7.) Defendants argue that because Plaintiff did not receive a Director's Level decision on his appeal, Plaintiff failed to exhaust his administrative remedies.

### C.    **Plaintiff's Position**[5]

Plaintiff argues that he exhausted his remedies with appeal PVSP-08-00637 because he presented the appeal to all levels of review, including the final Director's Level, thus completing all levels of the appeals process.  Plaintiff provides evidence that he submitted appeal PVSP-08-00637 to every level of review and received responses from every level of review.  (Cmpl., Doc. 1 at 2 ¶II and Exh. A at 19-24; Amd. Cmpl., Doc. 7 at 2 ¶II.C.)  Plaintiff argues that because no further levels were available, he completed the process available to him.

### D.    **Discussion**

Defendants' evidence is sufficient to demonstrate that Plaintiff failed to exhaust his remedies with respect to appeal PVSP-08-00637.  Plaintiff submitted appeal PVSP-08-00637, addressing the extraction of his wisdom tooth, to the Informal Level on September 8, 2007, where it was partially granted on November 5, 2007.  (Morgan Decl. ¶3, Exh. A at 2.)  Plaintiff appealed to the First Formal Level of review, where the appeal was again partially granted on January 29, 2008.  (Id., Exh. A at 3.)  Plaintiff appealed to the Second Formal Level of review, and the appeal was partially granted on March 12, 2008.  Id.  Plaintiff appealed to the Director's Level of review on April 9, 2008.  Id.  On June 10, 2008, the appeal was rejected at the Director's Level because Plaintiff had not appealed within 15 working days of the event or decision being appealed or of having received a lower level decision.  (Id., Exh. A at 7.)

The Court finds that Defendants have met their burden as the party moving for dismissal on exhaustion grounds.  The burden now shifts to Plaintiff to demonstrate that exhaustion occurred or that an exception exists.  Wyatt, 315 F.3d at 1119.

Plaintiff provides no evidence that appeal PVSP-08-00637 was improperly rejected at the Director's Level, that he ever received a formal review at the Director's Level, or that he otherwise satisfied the exhaustion requirement under § 1997e(a).  Plaintiff's argument that he completed the process available to him is unpersuasive.  The evidence shows that Plaintiff did not properly

---

[5]In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Plaintiff signed the Complaint and Amended Complaint under penalty of perjury. (Docs. 1, 7.)  Therefore, Plaintiff's opposition to Defendants' motions to dismiss is based in part on the evidence in his verified complaints.

complete the available process, which required him to submit a timely appeal to the Director's Level, because he did not appeal to the Director's Level within the 15-day deadline.

Based on the foregoing, the Court finds that Plaintiff failed to comply with the CDCR's procedural rules to complete the appeals process before filing suit, and he did not otherwise satisfy the exhaustion requirement under § 1997e(a) before filing this lawsuit.  Therefore, the Court finds that Defendants are entitled to dismissal of federal claims against them.

## IV.    MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants also bring a motion for judgment on the pleadings with respect to Plaintiff's negligence claim, on the ground that Plaintiff failed to comply with the CTCA.

### A.    California Tort Claims Act - Legal Standard

The CTCA requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  Shirk v. Vista Unified Sch. Dist., 164 P.3d 630, 634 (Cal. 2007); State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  Shirk, 164 P.3d at 634; Bodde, 90 P.3d at 119; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  "'Where compliance with the [California] Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.'"  Mangold, 67 F.3d at 1477 (quoting Snipes v. City of Bakersfield, 15 Cal.App.3d 861, 193 Cal.Rptr. 760, 762 (Cal.App. 1983).  "Complaints that do not allege any facts demonstrating that a tort claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action."  Shirk, 164 P.3d at 634.

**B.**    **Discussion**

Defendants argue that they are entitled to judgment on the pleadings with respect to Plaintiff's negligence claim, on the ground that Plaintiff failed to comply with the CTCA. However, in light of the Court's finding that Plaintiff's federal claims should be dismissed, the Court also finds that Plaintiff's state claims should be dismissed for want of jurisdiction, as discussed below.

### *Supplemental Jurisdiction*

A state law claim is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.' " Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991)). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiff's negligence claim is based on the violation of state tort law. The Court has found that Plaintiff's federal claims should be dismissed for failure to exhaust remedies, and this case has not been scheduled for trial. Therefore, because state claims should be dismissed if the federal claims are dismissed before trial, the Court also finds that Plaintiff's negligence claim should be dismissed for want of jurisdiction, resolving Defendants' motions for judgment on the pleadings.

**V.      CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, the Court finds that Defendants are entitled to dismissal of Plaintiff's federal claims, based on Plaintiff's failure to exhaust administrative remedies, and dismissal of Plaintiff's state claims for want of jurisdiction.

Accordingly, it is HEREBY RECOMMENDED that:

1.      Defendants' motions to dismiss, filed on September 24, 2010 and March 16, 2011, be GRANTED; and

2.      This action be DISMISSED in its entirety, as follows:

a.      Plaintiff's federal claims be DISMISSED based on Plaintiff's failure to exhaust remedies; and

b.      Plaintiff's state claims be DISMISSED for want of jurisdiction, resolving Defendants' motions for judgment on the pleadings, filed on September 15, 2010 and March 16, 2011.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:      August 9, 2011                    /s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE